

# Service of Process Transmittal
06/01/2016
CT Log Number 529260348

| | |
|---|---|
| **TO:** | Kim Lundy Service of Process, Legal Support Supervisor<br>Wal-Mart Stores, Inc.<br>702 SW 8th St, MS#0215<br>Bentonville, AR 72716-6209 |
| **RE:** | **Process Served in Illinois** |
| **FOR:** | Wal-Mart Stores, Inc.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Roper Mary, Pltf. vs. Wal-Mart Stores, Inc., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Lake County - 19th Judicial Circuit Court - Law Division, IL<br>Case # 16L411 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 11/27/2014, 2680 North Illinois Route 83, Round Lake Beach, Lake, Illinois |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/01/2016 at 14:36 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Jeffrey J. Kroll<br>SALVI, SCHOSTOK & PRITCHARD, P.C.<br>22 W. Washington Street, Suite 1600<br>Chicago, IL 60602<br>312-372-1227 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/02/2016, Expected Purge Date: 06/07/2016<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service of Process  ctlawsuits@walmartlegal.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>312-345-4336 |

Page 1 of  1 / DS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## LAKE COUNTY, ILLINOIS

MARY ROPER )
)
      Plaintiff, )
vs. ) No.: 16 L 411
)
WAL-MART STORES, INC., a foreign corporation, d/b/a )
WALMART SUPERCENTER )
      Defendants. )

## SUMMONS

To: WAL-MART STORES, INC., a foreign corporation, d/b/a
WALMART SUPERCENTER
c/o Resident Agent CT Corporation System
208 S LaSalle Street, Suite 814
Chicago, Illinois 60604

    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court, Lake County Courthouse, 18 North County Street, Waukegan, Illinois, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

**To the officer:**

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS, _____, 2016.   MAY 2 5 2016

ARDC#: 6204895
Name: Jeffrey J. Kroll
    Salvi, Schostok & Pritchard, P.C.
Atty for: Plaintiff
Address: 22 W. Washington, Suite 1600
City: Chicago, Illinois 60602
Telephone: (312) 372-1227

KEITH BRIN, Clerk of the Circuit
Court of Lake County

Date of Service _____, _____
(to be inserted by officer on copy left
with defendant or other person)

Lake Firm #21234

Thomas M. Schippers

**FILED**
**MAY 25 2016**
Keith Brin
CIRCUIT CLERK

IN THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS
EIGHTEENTH JUDICIAL CIRCUIT, LAW DIVISION

| | |
|---|---|
| MARY ROPER, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) No. 16 L 411 |
| WAL-MART STORES, INC., a foreign corporation, d/b/a WALMART SUPERCENTER, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, MARY ROPER, by and through her attorneys, SALVI, SCHOSTOK and PRITCHARD P.C., complaining of Defendant, WAL-MART STORES, INC., a foreign corporation, doing business as WALMART SUPERCENTER (hereinafter "WALMART"), and states as follows:

### COUNT I
### NEGLIGENCE

1. On and before November 27, 2014, Defendant WALMART, was a foreign corporation doing business as WALMART SUPERCENTER in Lake County, Illinois.

2. On and before November 27, 2014, Defendant WALMART owned the premises located at 2680 North Illinois Route 83, in the Village of Round Lake Beach, County of Lake, in the State of Illinois.

3. On and before November 27, 2014, Defendant WALMART managed the premises located at 2680 North Illinois Route 83, in the Village of Round Lake Beach, County of Lake, in the State of Illinois.

**NOTICE BY LOCAL RULE 3.12**
THIS CASE IS HEREBY SET FOR A SCHEDULING CONFERENCE IN COURTROOM C305 ON 8/11/16 20 16, AT 9:00 AM/PM AT 18 NORTH COUNTY STREET, WAUKEGAN, ILLINOIS. FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.

4. On and before November 27, 2014, Defendant WALMART maintained the premises located at 2680 North Illinois Route 83, in the Village of Round Lake Beach, County of Lake, in the State of Illinois.

5. On and before November 27, 2014, Defendant WALMART controlled the premises located at 2680 North Illinois Route 83, in the Village of Round Lake Beach, County of Lake, in the State of Illinois.

6. On and before November 27, 2014, Defendant WALMART supervised the premises located at 2680 North Illinois Route 83, in the Village of Round Lake Beach, County of Lake, in the State of Illinois.

7. On and before November 27, 2014, Plaintiff MARY ROPER, resided at 206 Mary Court, in the Village of Round Lake Beach, County of Lake, and State of Illinois.

8. On and before November 27, 2014, Defendant WALMART was responsible for repairing the parking lots, sidewalks and walkways located at 2680 North Illinois Route 83, in the Village of Round Lake Beach, County of Lake, in the State of Illinois.

9. On and before November 27, 2014, Defendant WALMART was responsible for maintaining the parking lots, sidewalks and walkways located at 2680 North Illinois Route 83, in the Village of Round Lake Beach, County of Lake, in the State of Illinois.

10. On and before November 27, 2014, Defendant WALMART was responsible for inspecting the parking lots, sidewalks and walkways located at 2680 North Illinois Route 83, in the Village of Round Lake Beach, County of Lake, in the State of Illinois.

11. On November 27, 2014, and at all times relevant, Plaintiff MARY ROPER was lawfully on the premises located at 2680 North Illinois Route 83, in the Village of Round Lake Beach, County of Lake, in the State of Illinois.

12. On November 27, 2014, and at all times relevant, Plaintiff MARY ROPER was caused to fall to the ground as a result of ice in a parking lot, sidewalk and/or a walkway on the premises at 2680 North Illinois Route 83, in the Village of Round Lake Beach, County of Lake, in the State of Illinois.

13. On November 27, 2014, and at all times relevant, Defendant WALMART, through its agents or employees, had notice, either actual or constructive, of ice in the parking lot, sidewalks and/or walkways on the premises at said location, and knew or should have known that it created a dangerous condition.

14. On and before November 27, 2014, and at all times relevant, Defendant WALMART owed a duty to provide safe premises for its visitors, including Plaintiff; to exercise ordinary and reasonable care in the operation, maintenance, repair and inspection of said premises; and to ensure that said premises were in a reasonably safe condition.

15. On November 27, 2014, and at all times relevant, in breach of its aforementioned duty, Defendant WALMART was negligent in one or more of the following respects:

    (a) failed to provide safe parking lots and/or walkways and grounds for customers, visitors, and employees, such as the Plaintiff to walk upon;

    (b) failed to take reasonable actions to minimize the risk of personal injury during and after winter weather event;

    (c) failed to check the property parking lots and/or walkways at the premises for ice patches;

    (d) failed to provide ice treatment services at the premises before the accumulation of any winter precipitation;

(e) allowed ice in the parking lots and/or walkways to develop, creating an unreasonably dangerous condition;

(f) failed to inspect and repair the aforementioned parking lots and/or walkways, after receiving notice, either actual or constructive, that such condition existed, and that such a condition posed an unreasonable risk of harm to passing customers, visitors, and employees; and

(g) failed to warn customers, visitors, and employees, such as the Plaintiff of an unreasonably dangerous condition that existed on said premises.

16. As a direct and proximate result of the aforementioned negligent acts and/or omissions, Plaintiff, MARY ROPER, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, MARY ROPER demands judgment against Defendant, WALMART, a foreign corporation, in a fair and just amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and costs provided by statute.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully Submitted,

By: _____
Jeffrey J. Kroll

Jeffrey J. Kroll (ARDC #6204895)
SALVI, SCHOSTOK & PRITCHARD, P.C.
22 W. Washington Street, Suite 1600
Chicago, Illinois 60602
jkroll@salvilaw.com
(312) 372-1227
Lake Firm #21234

4