**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARY ROPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 16 C 7338 |
| v. ) | |
| ) | Hon. Virginia M. Kendall |
| WAL-MART STORES, INC. d/b/a ) | |
| WALMART SUPERCENTER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mary Roper was injured when she slipped and fell on a patch of ice in the parking lot of a store owned and operated by Defendant Wal-Mart Stores, Inc. d/b/a Walmart Supercenter ("Wal-Mart"). This matter is currently before the Court on Wal-Mart's motion for summary judgment. (Dkt. 36). For the reasons set forth below, Wal-Mart's motion is granted.

## BACKGROUND

### A.    Local Rule 56.1

In the Northern District of Illinois, a party moving for summary judgment must file along with its motion a Local Rule 56.1(a) statement of undisputed facts, consisting of short numbered paragraphs and citations to affidavits or other parts of the record relied on to support the facts set forth in each paragraph. N.D. Ill. L.R. 56.1(a); *see also Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000). The response of the party opposing the motion must contain "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon" and a statement of "any additional facts that require the denial of summary judgment." N.D. Ill. L.R. 56.1(b)(3)(B) & (C). In this case, although Roper responded

to Wal-Mart's summary judgment motion and (1) included about a page of "Relevant Testimony" and (2) attached excerpts of the two depositions taken in this case as part of that response, she failed to respond to each numbered paragraph in Wal-Mart's statement of material facts. (Dkt. 38). Thus, because Roper did not adhere to the Local Rules, the Court accepts the facts of the case as stated by Wal-Mart. *Id.*; *see* L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *Friend v. Valley View Cmty. Unit Sch. Dist. 365U*, 789 F.3d 707, 710 (7th Cir. 2015) (district court properly deemed admitted facts asserted by defendants as penalty for non-movant's noncompliance with Local Rule 56.1); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006) (affirming district court's decision to admit the facts set forth in moving party's Local Rule 56.1 submission where nonmovant failed to timely respond); *Mintjal v. Prof'l Benefit Trust*, 146 F. Supp. 3d 981, 985 (N.D. Ill. 2015) (" 'the penalty for failing to properly respond to a movant's 56.1(a) statement is usually summary judgment for the movant (at least if the movant has done his or her job correctly) because the movant's factual allegations are deemed admitted' ") (quoting *Malec*, 191 F.R.D. at 584).

**B.     Facts**

Roper's friend Kathy Lawniczak drove Roper to a Wal-Mart store in Round Lake Beach, Illinois on Thanksgiving—November 27, 2014—because Lawniczak wanted to shop a 6:00 p.m. sale on big screen televisions. (Dkt. 38) at ¶¶ 5–7. Roper testified that the temperature at the time was somewhere around 30 degrees and snow was not falling, although there was some snow on the ground from a previous snowfall. *See* (Dkt. 38-3) (M. Roper Dep.) at 19:9–11, 40:24–41:5. Once in the Wal-Mart parking lot, which is located to the east of the store, Lawniczak circled for eight to ten minutes, searching for a parking spot in the crowded lot. (Dkt. 38) at

¶¶ 10, 12. Neither Roper nor Lawniczak saw anyone shoveling snow or throwing salt or sand in the lot. *Id*. at ¶¶ 19, 30. At approximately 6:15 p.m., Lawniczak eventually found a spot in the southeast corner of the parking lot, although the spot she found was the furthest east spot in its row, that is, the last parking stall that particular row. *Id*. at ¶ 12. Roper got out of Lawniczak's vehicle on the passenger side and walked towards the back of the car without slipping or sliding, although she felt snow under her feet. *Id*. at ¶¶ 13, 33. When Roper was at the back of the car, she turned to walk in the direction of Wal-Mart and slipped on ice: her legs went out from underneath her, she fall forward, she landed on her right wrist, and she slid. *Id*. at ¶¶ 14, 16. Lawniczak did not see Roper fall or the ice that caused the fall. *Id*. at ¶¶ 17, 22, 26.

When she fell, Roper was no longer in the parking spot; instead, she was in a driver's lane (or aisle) of the lot, and that area was level. *Id*. at ¶¶ 15, 20. As for the ice that caused Roper to fall, Roper did not see the ice before she fell and she does not know the size or thickness of the ice, nor could she tell how long the ice had been there when she fell. *Id*. at ¶¶ 21–25. In addition, neither Roper or Lawniczak know what caused the ice to form at the location where Roper fell, either by an act of Wal-Mart or otherwise. *Id*. at ¶¶ 27–28. In the specific area where Roper fell, there was no indication that the snow had been plowed or shoveled, and Roper observed "lumps" that "could have been ice or a buildup of snow" on the passenger side of the car that could have been naturally formed or the result of somebody else. *Id*. at ¶¶ 31–32.

Lawniczak drove Roper to the emergency room after her fall, and Roper eventually underwent surgery for her fracture, which included the placement of a plate and screws into her wrist.

Roper reported the incident to Wal-Mart 17 days later, on December 14, 2014. *Id*. at ¶ 36. On May 25, 2016, Roper filed suit against Wal-Mart in the Circuit Court of Cook County, Illinois alleging negligence. (Dkt. 1-3) at 3–6. Specifically, Roper alleges that Wal-Mart was negligent by (1) failing to provide safe parking lots and/or walkways to its visitors; (2) failing to take reasonable actions to minimize the risk of personal injury during and after a winter weather event; (3) failing to check the property parking lots and/or walkways for ice patches; (4) failing to provide ice treatment services at the premises before the accumulation of winter precipitation; (5) allowing ice in the parking lots and/or walkways to develop, creating an unreasonably dangerous condition; (6) failing to inspect and repair the parking lots and/or walkways after receiving notice that an unreasonably dangerous condition existed; and (7) failing to warn visitors of the unreasonably dangerous condition. *Id*. at 5–6. Wal-Mart removed the case to federal court on the basis of diversity jurisdiction. (Dkt. 1); *see* 28 U.S.C. § 1332(a).

## STANDARD OF REVIEW

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although a bare contention that a factual dispute exists is insufficient to defeat a motion for summary judgment, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000) (citing *Anderson*, 477 U.S. at 247), the Court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor (here, Roper). *Majors v. Gen. Elec. Co.*, 714 F.3d 527, 532 (7th Cir. 2013) (citation omitted). Still, Roper is "only entitled to the benefit of inferences supported by admissible evidence, not those 'supported

by only speculation or conjecture.'" *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (citation and quotation marks omitted).

Wal-Mart is entitled to summary judgment if Roper "cannot present sufficient evidence to create a dispute of material fact regarding any essential element of her legal claims on which she bears the burden of proof." *Burton v. Bd. of Regents of the Univ. of Wis. Sys.*, 851 F.3d 690, 694 (7th Cir. 2017). To avoid summary judgment, the nonmoving party must go beyond the allegations of her complaint and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (internal quotation marks and citation omitted); *accord Hannemann v. Southern Door County Sch. Dist.*, 673 F.3d 746, 751 (7th Cir. 2012). For this reason, summary judgment is the "put up or shut up" moment in a lawsuit—"when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *See Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007). In other words, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson*, 477 U.S. at 252.

It is not the role of the Court to scour the record in search of evidence to defeat a motion for summary judgment; instead, the nonmoving party bears the responsibility of identifying evidence to defeat summary judgment. *See Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008). Although a failure to timely respond to the moving party's Local Rule 56.1 statement results in "deeming admitted" the moving party's factual statements, a nonmovant's failure to respond to a summary judgment motion or failure to comply with Local

Rule 56.1 does not, of course, automatically result in judgment for the movant. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). The ultimate burden of persuasion remains on the moving party to show that it is entitled to judgment as a matter of law.

## **DISCUSSION**

Roper alleges that Wal-Mart acted negligently by failing to keep its premises safe, causing her injuries. The parties agree that Illinois law supplies the elements that Roper must prove in this diversity suit. *See Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir. 2014); *Protective Life Ins. Co. v. Hansen*, 632 F.3d 388, 392 (7th Cir. 2011) (a federal court sitting in diversity applies the substantive law of the state in which it is sitting).

A plaintiff like Roper who alleges that the defendant was negligent must show a duty owed by the defendant, a breach of that duty, and injury that was proximately caused by the breach. *Newsom–Bogan v. Wendy's Old Fashioned Hamburgers of N.Y., Inc.*, 2011 IL App (1st) 092860, ¶ 14. In Illinois, a business like Wal-Mart owes customers a duty to maintain its premises in a reasonably safe condition to avoid injuries to those customers. *Zuppardi*, 770 F.3d at 649. But the parties agree that this duty does *not* extend to natural accumulations of snow or ice. *See* (Dkt. 37) at 3; (Dkt. 41) at 4. That is, "a property owner has no general duty to remove natural accumulations of snow and ice because it is unrealistic to expect property owners to keep all areas where people may walk clear from ice and snow at all times during the winter months." *Allen v. Cam Girls, LLC*, 2017 IL App (1st) 163340, ¶ 29 (citing *Claimsone v. Prof'l Prop. Mgmt., LLC*, 2011 IL App (2d) 101115, ¶¶ 18, 21) (quotations omitted). "However, landowners do owe a duty of reasonable care to prevent unnatural accumulations of ice and snow on their premises where they have actual or constructive knowledge of the dangerous condition." *Murphy-Hylton v. Lieberman Mgmt. Servs., Inc.*, 2016 IL 120394, ¶ 20 (citation omitted). Thus,

a plaintiff in a slip-and-fall case involving snow and ice must show that (1) the accumulation of snow or ice was unnatural and (2) the property owner had actual or constructive knowledge of the condition. *Allen*, 2017 IL App (1st) 163340 at ¶ 29.

Here, Roper has failed to put forth sufficient evidence to create a factual dispute either that the ice that caused her to fall was an unnatural accumulation or that Wal-Mart had knowledge of the situation, meaning that she has failed to present sufficient evidence to demonstrate that Wal-Mart owed her any duty. Turning first to whether the accumulation of ice in the Wal-Mart parking lot was unnatural, Roper argues that "there are clear and genuine issues of material fact regarding whether or not Wal-Mart created the dangerous condition in the parking lot." (Dkt. 41) at 3. This argument is not factually supported. *See Bellaver*, 200 F.3d at 492 (a bare contention that a factual dispute exists is insufficient to defeat a motion for summary judgment). An unnatural accumulation may be "the direct result of the [landowner's] clearing of the ice and snow, or . . . caused by design deficiencies that promote unnatural accumulations of ice and snow." *Webb v. Morgan*, 176 Ill. App. 3d 378, 382–83 (5th Dist. 1988). Roper argues for snow-removal deficiency rather than structural deficiencies, arguing that Wal-Mart "piled the snow in an area which caused and created an unnatural accumulation of ice." (Dkt. 41) at 4. But there is no evidence in the record to support this inference. Specifically, the summary-judgment record consists of two items: (1) Roper's deposition, and (2) Lawniczak's deposition. Even assuming that such limited evidence could be sufficient to demonstrate a factual dispute on this issue, *Madeo v. Tri-Land Props., Inc.*, 239 Ill. App. 3d 288, 293 (2d Dist. 1992) (plaintiff's belief as to how the ice formed did not constitute a sufficient factual basis for her assertion that the ice was created by an unnatural accumulation of snow) (citation and quotations omitted), these depositions fall well short of that mark. At best, the depositions contain testimony from Roper

and Lawniczak that there was a vaguely described "mound" or "lumps" of snow near the car. *See* (Dkt. 38-4) (K. Lawniczak Dep.) at 14:16–15:22 (when asked where the ice came from, testifying that she parked next to a mound or pile of snow, but testifying that she could not recall the size of the pile); (Dkt. 38-3) (M. Roper Dep.) at 73:12–15 (testifying that "there was lumps of—could have been ice or buildup of snow on the right side because we were at the end, end parking spot"). But even acknowledging the snow, Roper and Lawniczak were equivocal on how the pile was formed. *See* (Dkt. 38-3) at 40:20–23 ("Q. In the area that you fell, Mary, was there any indication that anyone had shoveled snow or plowed snow? A. No."), 73:18–24 (when asked if the mounds of snow were naturally made or made by a snowplow, testifying "I really don't know"); (Dkt. 38-4) at 14:16–24 (describing the pile as formed "when they plow parking lots, they got to put it somewhere").

Significantly, in addition to this lack of evidence as to how the snow pile was formed, neither Roper nor Lawniczak were able to connect the snow to the ice on which Roper fell. *See* (Dkt. 38-3) at 35:14–16, 35:22–24 ("Q. Do you know where that piece of ice came from? A. No."), 70:23–71:4 (Roper testified that she did not know "what Wal-Mart did to cause the issue to be there in the area where [she] fell"); (Dkt. 38-4) at 22:13–15 ("Q. And do you know, as you sit here today, where that ice came from that Mary slipped on? A. I can't say where it came from."). At most, Roper has identified a potential source for the ice. This is not enough, particularly where "[t]he mere removal of snow leaving a natural ice formation underneath does not constitute negligence." *Tzakis v. Dominick's Finer Foods, Inc.*, 356 Ill. App. 3d 740, 746 (1st Dist. 2005); *see Ciciora v. CCAA, Inc.*, 581 F.3d 480, 483 (7th Cir. 2009) ("Because [plaintiff] has presented no evidence that the fall was a result of an unnatural accumulation of ice or an aggravation of an existing condition, the court properly granted summary judgment to the

defendant on this claim."). Because Roper "has the burden of affirmatively proving the ice upon which [she] fell was an unnatural accumulation caused or aggravated by [Wal-Mart]," *Koziol v. Hayden*, 309 Ill. App. 3d 472, 476 (4th Dist. 1999), these deficiencies are fatal to her claim.

In this way, this case is similar to *Allen v. Cam Girls, LLC*. There, Allen testified that she saw snow (not ice) when she slipped and fell in a strip mall parking lot and that she did not know whether she fell on ice. In addition, Allen presented expert testimony that there was an unnatural accumulation of ice (not snow) in the parking lot. *Allen*, 2017 IL App (1st) 163340 at ¶ 42. On these facts, the court granted summary judgment in favor of the defendants, finding that "even though Allen presented some evidence of an unnatural accumulation of ice in the parking lot, she cannot establish the casual nexus between that ice and her fall" where her contention that she fell on ice was nothing more than speculation. *Id*. Here, as explained above, Roper has failed to both present evidence of an unnatural accumulation of snow or ice and establish the causal nexus between that unnatural accumulation and her fall. *Id*. at ¶¶ 43, 47 (in a slip-and-fall case, summary judgment for defendants is proper when plaintiff has no evidence regarding the cause of her fall). Although the Court is mindful that it views the evidence in the light most favorable to Roper, her inviting vague speculation—similar to that offered in *Allen*—that the snow pile created the ice that caused her to fall cannot overcome summary judgment. *Ciciora*, 581 F.3d at 483, 484. Thus, Roper has not met her burden of demonstrating a factual dispute on whether the ice behind Lawniczak's car accumulated unnaturally and gave rise to a duty to Wal-Mart to remove it, protect against it, or warn Roper of it. *See, e.g.*, *Vineyard v. Staples the Office Superstore LLC*, 2014 WL 3720958, at *2 (S.D. Ill. July 28, 2014) (granting summary judgment in favor of Staples where plaintiff presented no evidence that ice patch on which she fell was caused in any way by Staples or was anything other than a natural accumulation that was left

after the lot was plowed); *Mitchell v. Menard, Inc.*, 2012 WL 2062420, at *4 (N.D. Ill. June 7, 2012) (speculation that ice formation was caused by defendant's failure to properly plow the parking lot was insufficient to overcome summary judgment); *Frederick v. Prof'l Truck Driver Training Sch., Inc.*, 328 Ill. App. 3d 472, 477 (1st Dist. 2002) (granting summary judgment where plaintiff "failed to present any competent evidentiary matter showing how the snow accumulated on the step or the length of time it was present").

Still, Roper argues that "whether or not accumulations are natural is a question of fact for a jury," citing to *Turner v. Cosmopolitan Nat. Bank*, 180 Ill. App. 3d 1022 (1st Dist. 1989) and *McCarthy v. Hidden Lake Vill. Condo. Ass'n*, 186 Ill. App. 3d 752 (1st Dist. 1989). For one thing, *Turner* is procedurally distinguishable, as the relevant portion of the opinion concerns an appeal of the court's failure to enter a directed verdict in favor of defendants. 180 Ill. App. 3d at 1031. Even setting this difference aside, *Turner* does not stand for the proposition that the issue of natural versus unnatural accumulation must always go to a jury, and in fact such a rule would be contrary to summary judgment practice, because it would allow certain claims to proceed to trial solely on the basis of the legal theory alleged, regardless of the evidence (or lack of evidence) supporting the claim. *See Bellaver*, 200 F.3d at 492. Finally, the plaintiff in *Turner* proceeded on a theory of structural deficiency that caused an unnatural accumulation (a theory Roper does not pursue here)—specifically, a broken door leading to apartment building repeatedly blew open, resulting in an unnatural accumulation of snow in the building vestibule— and the appellate court noted that "there was ample evidence [presented at trial] upon which the jury could find that the door leading to the vestibule" could cause an unnatural accumulation. *Id.* at 1031–32. There is no similar "ample evidence" of a structural deficiency (or even a snow-removal deficiency) that created an unnatural accumulation in this case.

Roper's citation to *McCarthy* fares no better. The plaintiff there, who fell after slipping on ice in her driveway, alleged defective plowing by a snow removal contractor, and the evidence presented by the parties evidenced a dispute as to how comprehensively the snow was plowed on the day of the incident. That is, they disputed the "all-important facts" in that case and the plaintiff had evidence to support her defective-plowing theory. *McCarthy*, 186 Ill. App. 3d at 757–58. Here, there is no evidence that Wal-Mart plowed the parking lot on the day in question, let alone did so negligently. Put differently, there is no central factual dispute. Although Roper argues that Wal-Mart negligently maintained its parking lot, this contention is only supported by the fact that Roper fell on ice.[1]

Next, even though the complete lack of evidence on the unnatural accumulation issue warrants granting summary judgment in favor of Wal-Mart, it bears noting that Roper also has failed to present any evidence whatsoever that Wal-Mart knew or had constructive knowledge of the ice that Roper sipped on. Although Roper generally and conclusorily argues that "Wal-Mart created and assumed a duty when they [sic] were aware of the negligently maintained lot" ((Dkt. 41) at 5), the record lacks any evidence regarding Wal-Mart's knowledge of any conditions in the parking lot on Thanksgiving Day 2014. Again, the only evidence offered at this stage is the deposition of Roper and a witness to her fall.

---

[1] An additional distinguishing factor in *McCarthy* is that the negligence claim was brought against a snow removal contractor instead of the property owner. In Illinois, the law is split on whether a defendant who is contractually obligated to remove natural accumulations of snow and ice and fails to take any action whatsoever can be liable in tort to a third party who slips and falls on the naturally fallen snow and ice. *Allen*, 2017 IL App (1st) 163340 at ¶ 52 (explaining that some cases hold that the contractual obligation is sufficient to demonstrate liability, while others, including *McCarthy*, hold that an unnatural accumulation (or defective plowing) must still be shown in such cases); *see also Chambers v. Menard, Inc.*, 2015 WL 3798081, at *4 (N.D. Ill. June 17, 2015) (explaining that the imposition of liability on the basis of a contract alone does not apply to cases involving invitees). Regardless, Roper does not appear to proceed on a theory of contractual liability and she has not sued Wal-Mart's snow removal contractor.

In sum, the only evidence that Roper has offered in response to Wal-Mart's motion for summary judgment is her own deposition testimony and that of her friend. But as discussed, more is required to convince a jury to accept Roper's version of events, where she bears the ultimate burden of proof on showing that Wal-Mart owed her a duty. *See Steen*, 486 F.3d 1022. Instead, the evidence presented in this case falls under the natural accumulation rule, and Wal-Mart is entitled to the entry of summary judgment in its favor.

## **CONCLUSION**

For the reasons stated above, Wal-Mart's motion for summary judgment is granted. (Dkt. 36). Final judgment will be entered in favor of Wal-Mart and against Roper.

_____
Hon. Virginia M. Kendall
United States District Judge

Date: June 5, 2018